WALLACE ROY ADAMS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Adams v. Commissioner
Docket No. 15047-86.
United States Tax Court
T.C. Memo 1987-305; 1987 Tax Ct. Memo LEXIS 305; 53 T.C.M. (CCH) 1175; T.C.M. (RIA) 87305; June 22, 1987. Wallace Roy Adams, pro se. Mark E. Rizik, for the respondent. GOLDBERG
MEMORANDUM OPINION GOLDBERG, Special Trial Judge: This case was heard pursuant to the provisions of section 7456(d)(3) of the Internal Revenue Code of 1954 (redesignated section 7443A(b)(3) by section 1556 *306 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2755) and Rule 180 et seq. of the Tax Court Rules of Practice and Procedure.[1]
Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1983 in the amount of $520. The sole issue for our determination is whether unemployment compensation in the amount of $1,970 received by petitioner in 1983 is includable in his gross income. Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein. Petitioner resided in Montrose, Michigan at the time he filed his petition. Petitioner filed a joint U.S. Individual Income Tax Return for 1983 with his wife. [2]
During 1983, petitioner was employed by General Motors Corporation, Fisher Body Division, in Flint, Michigan, as an automobile assembly worker. *307 Petitioner was a member of the United Automobile Workers' Union. He was laid off about September 9, 1983, and was recalled in December 1983. As a result of the layoff, petitioner received $1,970 of unemployment compensation from the Department of Labor, Michigan Employment Security Commission in 1983. Petitioner's wife, Patricia, was employed in 1983 by the Heritage Manor Convalescence Center, Flint, Michigan. On their joint income tax return for 1983, petitioner reported his wage income of $27,397.92, Patricia's wage income of $7,448.12, and a $276 state income tax refund. Total income reported was $35,121. From this amount, petitioner deducted $745 for the deduction for a married couple who both work. Thus, petitioners reported $34,376 as adjusted gross income for 1983. Petitioner did not report the $1,970 in unemployment compensation he received although the State of Michigan sent him a Form 1099. Petitioner contends that the $1,970 unemployment benefits he received in 1983 are non-taxable. Prior to the enactment of section 85 by the Revenue Act of 1978, unemployment benefits received under Federal or state unemployment benefit plans were excludable from the recipient's *308 gross income. Under section 85, the recipient of Federal or state unemployment compensation payments may be required to include all or part of such benefits in his gross income. According to this Code section, the recipient of unemployment compensation benefits is to include in gross income the lesser of (1) the total unemployment compensation benefits received during the year, or (2) one-half of the excess of his adjusted gross income modified by certain adjustments over a base amount. For purposes of this case, petitioner's adjusted gross income, as modified, is computed by adding to the amount shown on the return (1) the total unemployment compensation benefits received during 1983, and (2) the section 221 deduction -- the deduction for two wage-earner married couples. Thus, the computation under section 85 is as follows: Adjusted gross income per return
$34,376
Deduction for two wage-earner
married couples
745
Unemployment compensation
1,970
Adjusted gross income as
modified per section 85(a)
37,091
Less: Base amount
18,000
Difference
$19,091
Therefore, under section 85(a), $1,970 is includable in petitioner's 1983 gross income since this *309 amount is less than $9,545.50 (1/2 of $19,091). Based on the foregoing, respondent's determination is sustained. Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and as in effect in the year in issue, unless otherwise indicated.↩
2. Respondent mailed his notice of deficiency on March 7, 1986, to Wallace R. and Patricia M. Adams. Only Wallace Roy Adams petitioned the Court for a redetermination of the stated deficiency.↩